Ralph I. MILLER, individually and as Successor–in–Interest to Best–of–China.Com Inc., a California corporation, Plaintiff—Appellant,

and

Best of China.Com, a California corporation in dissolution, Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION, (IBM); IBM World Trade Corporation; IBM Global Services and International Business Machines (Shanghai) Co. Ltd., dba IBM Engineering Technology Corporation (Shanghai) Ltd.; IBM Engineering Technology (Shanghai) Co., Ltd; IBM China Company, Ltd., Defendants—Appellees.

No. 03–16675.

D.C. No. CV–02–02118–MJJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 16, 2005.

Decided May 27, 2005.

**14**

Ralph I. Miller, Kentfield, CA, pro se.

Henry D. Dicum, Esq., San Francisco, CA, for Plaintiff-Appellant.

Byron C. Thompson, Esq., Thompson Lawson LLP, Oakland, CA, for Plaintiff.

Loren Kieve, Esq., Rachel M. Herrick, Esq., Quinn Emanuel Urquhart Oliver & Hedges, LLP, San Francisco, CA, for Defendants-Appellees.

Before D.W. NELSON, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM *

Ralph I. Miller, assignee of the rights of Best-of-China.Com ("BCC"), appeals the district court's dismissal of his Second Amended Complaint in its entirety. Miller appeared pro se in the district court. Specifically, Miller appeals from the dismissal (1) of all claims against defendant IBM World Trade Corporation ("IBM-WTC") for lack of personal jurisdiction; (2) of claims one, two, three, four, five, six, and eleven against defendant International Business Machines Corp. ("IBM") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and of claims seven, eight, nine, ten, and twelve against IBM for failure to plead fraud with particularity under Federal Rule of Civil Procedure 9(b); and (3) of all claims against defendants IBM Engineering Technology Co. ("IBM-ETC") and IBM China Co. ("IBM/China") for failure to prosecute under Federal Rule of Civil Procedure 41(b).

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Claims against IBM-WTC.*

■ We affirm the district court's dismissal of all claims against IBM-WTC for lack of personal jurisdiction. The allegations in the complaint do not support a conclusion that IBM-WTC "purposefully direct[ed][its] activities" toward California or "perform[ed] some act by which [it] purposefully avail[ed] [itself] of the privilege of conducting activities in the forum." *See Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir.2004) (citing *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir.1987)). Taking the allegations in the complaint as true, IBM-WTC's only significant contact with California was entering into a contract through which it subscribed for a short period of time to the stock of BCC, a newly formed California corporation whose business activities were to take place in China. The contract was executed in Hong Kong, and the parties did not contemplate that any future activities under the contract would occur in California.

2. *Claims against IBM.*

### a. *Claims dismissed for failure to state a claim.*

We reverse the district court's dismissal of claims one, two, three, four, five, six, and eleven against IBM for failure to state a claim under Rule 12(b)(6).

■ *Claim one:* Claim one alleges breach of the Subscription Agreement by IBM. Claim one alleges that the original signatory to the Subscription Agreement had been IBM-WTC rather than IBM, and that IBM became a contracting party by virtue of the Amended and Restated Subscription Agreement ("Amended Subscription Agreement"), under which IBM

was substituted for IBM–WTC. The district court construed claim one to allege a fraudulent misrepresentation by IBM that the consideration for the Amended Subscription Agreement had already been provided when that agreement was signed. It dismissed claim one on the ground that fraud had not been pled with particularity as required by Rule 9(b).

We disagree with the district court and conclude that Rule 9(b) was satisfied. *See In re GlenFed, Inc. Sec. Litig.,* 42 F.3d 1541, 1547–49 (9th Cir.1994) (explaining Rule 9(b) requirements). Claim one alleges that "[p]ursuant to the Subscription Agreement, IBM–WTC agreed to furnish to BCC certain discounts and credits to be applied towards BCC's purchase of certain IBM hardware and software." Claim one then describes in some detail the obligations undertaken in the Subscription Agreement. It then describes the Amended Subscription Agreement, under which IBM agreed to be substituted for IBM–WTC as a party to the original Subscription Agreement. Included in that description is a statement that IBM represented in the Amended Subscription Agreement that all of the consideration promised in the original agreement had been provided. The complaint then alleges, "Notwithstanding that BCC provided the stipulated consideration for the IBM Goods and Services, *subsequent to the signing of the Amended and Restated Subscription Agreement,* unbeknownst to BCC or Plaintiffs and without justification or excuse, Defendants failed to deliver the contracted Server System and Materials in good working order as promised or not at all and delivered a different, sub-standard system of no practical commercial value even though they represented to have supplied full consideration, all to Plaintiff's great detriment as herein alleged." (Emphasis in original.) The complaint then goes on to state, inter alia, that at all times

until the Spring of 2001 the server and related materials were in the exclusive custody and control of IBM and other specifically named related entities; that Miller relied on statements by William Hui and Robert Putnam that the consideration had been provided; that defendants knew that the consideration had not, in fact, been provided; and that Miller only later learned that this was not true. Allegations later in the complaint—in claims seven, eight, and ten—provide significant additional detail.

We agree with the district court that claim one is a fraud claim. The claim does not use the term fraud, but its gravamen is that defendant IBM intentionally misrepresented the true state of affairs to BCC in order to induce BCC to sign the Amended Subscription Agreement. We also agree with the district court that because claim one is a fraud claim, it must satisfy the pleading standard of Rule 9(b). However, unlike the district court, we conclude that the allegations in claim one, particularly when read in combination with the additional allegations, are enough to satisfy Rule 9(b). We therefore reverse the district court's dismissal of claim one for failure to state a claim under Rule 12(b)(6).

■ *Claims two and three:* Claim two alleges breach of the Services Agreement by defendants IBM, IBM–ETC and IBM/China. Claim three alleges breach of the Statement of Work by these same three defendants. The district court dismissed these claims against IBM on the ground that the factual allegations are insufficient in that they do not specifically mention IBM. We disagree and hold that under the notice pleading requirements of Rule 8(a), claims two and three sufficiently state claims against IBM. Paragraph ten of the complaint alleges that "Defendant IBM acts through a number of wholly

owned subsidiaries which it controls and directs," including IBM–ETC and IBM/China. Further, claim one alleges that IBM was obligated under the Subscription Agreement to perform the Statement of Work. The alleged obligation in claim two is to perform the Services Agreement, which was a prelude to, and inseparable from, the Statement of Work. The alleged obligation in claim three was the performance of the Statement of Work itself.

■ *Claim four:* Claim four alleges a breach of an oral agreement by defendants IBM, IBM–ETC, and IBM/China. The district court dismissed claim four on the ground that the complaint "refer[s] to 'Defendants' without much detail in stating their claim[s], and fail[s] to allege that IBM is a party to the oral agreement." Claim four alleges that "[o]n or about August, 2000, BCC entered into an oral agreement with *Defendants* for the production and delivery of demonstration computer software and preparation of related documentation to BCC[.]" (Emphasis added.) The heading of claim four refers to "Defendants IBM, IBM–ETC and IBM/China," thus making clear that the term "Defendants" in claim four includes IBM.

In dismissing claim four, the district court pointed out that there was no allegation that the negotiations by Mr. William Hui, a representative of IBM–ETC, bound IBM to the terms of the alleged oral agreement. We do not regard this deficiency as fatal. First, it is not clear that it is necessary to the success of claim four that Mr. Hui's negotiations bound IBM to the terms of the oral contract. Second, and more important, the specificity in pleading demanded by the district court is not required under the notice pleading standard of Rule 8(a).

*Claims five and six:* Claims five and six allege conversion and trespass by defendants IBM, IBM–ETC and IBM/China. The district court dismissed both claims because the complaint alleged "these claims without specificity as to IBM's alleged wrongful conduct." We disagree. The non-fraud allegations in claims five and six are sufficient to put IBM on notice of the wrongful conduct with which it is charged, thereby satisfying Rule 8(a). Further, claim five alleges an "intent to defraud" in paragraph 81. To the extent that claim five against IBM depends on this alleged intent to defraud, we hold that Rule 9(a) is satisfied by the names, dates and actions alleged.

*Claim eleven:* Claim eleven alleges breach of warranty by IBM arising out of its alleged breach of the Subscription Agreement. The district court dismissed this claim on the ground that IBM had no obligation under the Subscription Agreement. We hold above that claim one sufficiently alleges a breach of the Subscription Agreement by IBM. On the same rationale, claim eleven sufficiently alleges a breach of the Amended Subscription Agreement and a breach of warranty.

b. *Claims dismissed for failure to plead fraud with particularity.*

■ We reverse the district court's dismissal of claims seven, eight, nine, ten, and all subclaims of claim twelve except the subclaim based on 18 U.S.C. § 1030(a)(4). The district court dismissed these claims for failure to plead fraud with particularity as required by Rule 9(b). Claims seven, eight, and ten all plead fraud. These claims specifically allege numerous dates, places, and names, and describe in some detail what was said and done by the named people. We hold that the standard of Rule 9(b) has been satisfied in claims seven, eight, and ten, and we reverse the

district court's dismissal of those claims. Claim twelve contains a number of sub-claims under 18 U.S.C. § 1030. Only one of those subclaims, brought under § 1030(a)(4), is a fraud claim. That subclaim is not pled with sufficient particularity to satisfy Rule 9(b), and we affirm the district court's dismissal of that subclaim. The other subclaims of claim twelve are not fraud claims. We hold that Rule 8(a) has been satisfied for the non-fraud subclaims of claim twelve, and we reverse the district court's dismissal of these subclaims. Finally, claim nine is not a fraud claim. Rather, it is a negligent misrepresentation claim. We hold that Rule 8(a) has been satisfied, and we reverse the district court's dismissal of claim nine.

3. *Claims against IBM–ETC and IBM/China.*

■ We reverse the district court's dismissal of all claims against IBM–ETC and IBM/China based on Miller's failure to serve them with the Second Amended Complaint. The parties agree that this dismissal should be treated as one for failure to prosecute under Rule 41(b). The Hague Convention does not specify a time limit for service of process that must be effected through a country's central authority. *Broad v. Mannesmann Anlagenbau AG*, 196 F.3d 1075, 1077 (9th Cir. 1999). When the district court dismissed all claims against IBM–ETC and IBM/China for failure to prosecute, Miller had already served these two defendants with an earlier version of his complaint, and had taken steps to serve them with the Second Amended complaint. Miller's conduct was not so dilatory as to warrant the "harsh ... penalty" of dismissal, which should only be imposed in "extreme circum-

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

stances." *Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir.1981).

AFFIRMED IN PART, REVERSED AND REMANDED IN PART. Each party shall bear its own costs on appeal.